UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| In Re:<br><br>MARLA DEE HIRSCHFELD,<br><br>Debtor(s). | In Proceedings Under Chapter 13<br>Case No. 2:22-bk-01899-DPC<br><br>STIPULATED ORDER CONFIRMING<br>MODIFIED CHAPTER 13 PLAN |
|---|---|

The Modified Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Modified Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtor shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1 - 5 | $1,805.00 |
| 6 - 13 | $1,910.00 |
| 14 – 16 | $2,052.71 |
| 17 – 60 | $4,050.00 |

The payments are due on or before the 29th day of each month commencing April 29, 2022. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtor shall provide, directly to the Trustee copies of her **federal** and **state** income tax returns, including all attachments, forms, schedules and statements, for post-petition years within 14 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

(2) **Other Property.** *None. In the event that other property is submitted it shall be treated as supplemental payments.*

In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) Administrative expenses:

Attorney Fees. Benjamin J. Wright shall be allowed total compensation of $7,000.00. Counsel received $500.00 prior to filing this case and will be paid $5,000.00 by the Chapter 13 Trustee for pre-confirmation services. An additional $650.00 shall be paid to Counsel pursuant to an Order entered on May 12, 2023 at Docket #82. An additional $850.00 shall be paid to Counsel for plan modification.

(2) Claims Secured by Real Property:

    a. U.S. Bank Trust National Association as Trustee of the Bungalow Series IV trust ("U.S. Bank"), secured by a first position deed of trust on Debtor's residence, has filed a claim in the amount of $177,392.27, with no pre-petition arrearage. Debtor has accumulated post-petition mortgage arrears in the amount of $9,534.50 through July 31, 2023. U.S. Bank shall be paid its post-petition arrears, in the amount of $9,534.50, with no interest as an arrearage claim from plan proceeds. Ongoing mortgage payments shall be paid by the Trustee from Plan proceeds. The conduit shall be paid by Trustee through the plan beginning with the payment, which is due August 1, 2023. The payment made by Trustee is subject to change if the escrow amounts change. The conduit shall be paid throughout the remaining portion of the Plan. For any month where the balance on hand in Debtor's account is insufficient to allow disbursement of the conduit payment and adequate protection payments that have come due, the amount due for that month will be paid to creditor on the next regular disbursement date when Debtor's account balance has sufficient funds. Any future Post-Petition Fees shall be paid by the Trustee from plan proceeds.

2

Debtor shall provide an amended SOC or a modified plan to address any fees, expenses and charges. U.S. Bank has filed an objection to Debtor's Modified Plan. The Modified Plan nor this Stipulation has any bearing on the Stay Relief Order granted U.S. Bank at Docket #85. U.S. Bank agrees to not exercise its non-bankruptcy remedies as long as Debtor complies with her modified plan and this Order.

    b. JPMorgan Chase Bank, National Association ("Chase"), secured by a deed of trust on Debtors' residence, has filed a claim in the amount of $395,062.40, of which $28,344.67 is a pre-petition arrearage. Chase shall be paid its pre-petition arrears, with no interest from plan proceeds. Ongoing mortgage payments shall be paid by the Trustee from Plan proceeds. The conduit shall be paid by Trustee through the plan beginning with the payment, which is due April 1, 2022. The payment made by Trustee is subject to change if the escrow amounts change. The conduit shall be paid throughout Plan. For any month where the balance on hand in Debtor's account is insufficient to allow disbursement of the conduit payment and adequate protection payments that have come due, the amount due for that month will be paid to creditor on the next regular disbursement date when Debtor's account balance has sufficient funds. Any future Post-Petition Fees shall be paid by the Trustee from plan proceeds. Debtor shall provide an amended SOC or a modified plan to address any fees, expenses and charges.

    c. Scottsdale Ranch Community Association ("HOA"), secured by a consensual and statutory lien against Debtor's residence has filed a claim in the amount of $17,167.92, of which $7,993.93 is secured. HOA shall be paid the secured portion of its claim, in full, with no interest. The remaining portion of its claim shall be treated as a general unsecured claim. Debtor will make post-petition assessment payments directly to HOA.

(3) Claims Secured by Personal Property

    a. None.

(4) Unsecured Priority Claims:

    a. None.

(5) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor

fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtor surrenders the following property:

   a. None.

(5) Other Provisions:

   a. None.

(7) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. The property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____
Edward J. Maney, Trustee

_____
Richard E. Anderson, Attorney for U.S. Bank

_____
Benjamin J. Wright, Attorney for Debtor

The Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____        _____
Marla Dee Hirschfeld, Debtor            Date

4

fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtor surrenders the following property:

    a. None.

(5) Other Provisions:

    a. None.

(7) **Unsecured Nonpriority Claims.** Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. The property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____
Edward J. Maney, Trustee


_____
Richard E. Anderson, Attorney for U.S. Bank


_____
Benjamin J. Wright, Attorney for Debtor

The Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____        8-20-2023
Marla Dee Hirschfeld, Debtor                 Date

4

Case 2:22-bk-01899-DPC   Doc 99   Filed 09/14/23   Entered 09/14/23 09:56:53   Desc
Main Document   Page 5 of 5